### TOWNSHIP OF MIDLAND v. TOWNSHIP OF ROSCOMMON.

*Taxes raised in unorganized counties—Act 178 of 1861.*

It is contrary to the tax system of Michigan to levy taxes to accumulate funds for the future.

It has been the policy of the State to leave the financial arrangements on dividing municipalities chiefly to the business discretion of the administrative authorities rather than to the courts.

Whether the proviso in Act 178 of 1861 that local taxes raised in an unorganized county shall be expended within its territory is not sufficiently complied with by expending them for its benefit, as for school, bridge or highway purposes, even though not strictly within its boundaries—Q.

Act 178 of 1861 provides that local taxes levied in an unorganized county attached to an organized township shall be expended within the limits of the unorganized territory. *Held* that no provision is made for ascertaining the respective shares of money

not so expended, belonging to the different townships created out of such territory after it is detached.

No form of action is provided for recovering the amount of local taxes levied in an unorganized township and not expended within its limits.

Error to Midland.   Submitted Oct. 15.   Decided Oct. 22.

ASSUMPSIT.   Plaintiff brings error.

*John A. Edget* for plaintiff in error.   An action for moneys had and received lies as between two townships for taxes levied by one in the territory of the other while attached to the former for purposes of taxation, *Beardslee v. Horton,* 3 Mich., 563; *Moore v. Mandlebaum,* 8 id., 448; *Newman v. Supervisors,* 45 N. Y., 687; and the plaintiff's rights are not affected by the subsequent division of parts of its original territory into new townships, *Saginaw v. School Dist.,* 9 Mich., 541; *Com'rs of Laramie v. Com'rs of Albany,* 92 U. S., 307: 3 Cent. L. J., 547.

*Benton Hanchett* for defendant in error.   The statutes attaching unorganized territory to townships are meant to make it a part of the town to which it is attached, Act 119 of 1840, § 33; Act 15 of 1841, §§ 7–10; Act 44 of 1841; Act 60 of 1841; Act 212 of 1850, § 1; Act 55 of 1851; Act 35 of 1853; Act 78 of 1863; Act 319 of 1869; property owners can prevent the misappropriation of taxes, *Attorney General v. Detroit,* 26 Mich., 263; or recover taxes wrongfully collected, *Nickodemus v. East Saginaw,* 25 Mich., 456; *First Nat. Bank v. Watkins,* 21 id., 483; Cooley on Taxation, 465; the only right which one township which has been attached to another for municipal purposes has on separation, to property acquired by the other while they were united, is such as is given to it by Comp. L., 1857, §§ 598–601; *Greenville v. Mason,* 53 N. H., 575; *Hampshire v. Franklin,* 16 Mass., 83; *Windham v. Portland,* 4 Mass., 388; *North Yarmouth v. Skillings,* 45 Me., 142; *Frankfort v. Winterport,* 54 Me., 250; and the remedy provided therein is

the only one it can adopt, *Andover Turnpike Co. v. Gould,* 6 Mass., 44; *Franklin Glass Co. v. White,* 14 Mass., 288.

CAMPBELL, C. J.    This is an action to recover the amount of local taxes levied within the territory of the township of Roscommon while attached to Midland, and claimed not to have been expended legally.

In 1859 the unorganized counties of Roscommon and Ogemaw were attached to the township of Midland, "for all municipal and taxable purposes, until set off into other townships." Sess. L. 1859, p. 879.

In 1861 an act was passed "to regulate the manner of attaching unorganized territory to organized counties, for judicial and municipal purposes," and after declaring that unless otherwise determined by the board of supervisors, such county should be attached to the county town, and after providing in a certain contingency for making a separate town, made a further proviso in these words: "*And provided further,* That all taxes levied in said unorganized county, so attached, for other than for State or county purposes, shall be expended within the limits of such unorganized territory." Sess. L. 1861, p. 293.

The township of Roscommon was organized separately in 1873, and had been divided subsequently by the erection of two more townships.    During the interval from the passage of the Act of 1861 to the organization in 1873 township and highway taxes and school taxes had been levied including the two-mill tax under the school legislation.    It is claimed that this money was not expended within the new township and should be refunded.    It also appears that there is no such money to any considerable amount remaining in the treasury of Midland.

The ground is taken for the defense, *first,* that the Act of 1861 does not apply to cases like the present; and *second,* that no action lies if it does apply.

The statute of 1861 applies in terms to all past as well as future cases. But it is insisted the language of the Act of 1859 made Roscommon an integral part of Midland, and not territory attached. The language which we have quoted from that statute, as well as its title, which is "An Act to attach the unorganized counties of Roscommon and Ogemaw to the township of Midland," cannot, we think, be so construed. There is a plain design to retain the two counties named in their integrity, and not to put them out of existence. The act expressly limits the union by reference to a future separation, and while such separation is possible in a perfect and single township, the language is significant as denoting a temporary purpose.

But we think there are insuperable difficulties in the way of enforcing this action. There is no statute declaring that the unexpended funds shall belong to the future separated townships, and there are no provisions of law under which it can be ascertained at any time without a somewhat complicated calculation, if at all, just what moneys are in such condition. The statute does not provide for separate management of the funds raised in the unorganized territory, and could not very well do so without making a system quite different from ordinary town government. The regular township laws, which are the only guide to town officers, do not furnish adequate means for such separate management, and if there is any sufficient appropriation under the law of 1861, it can only be made effective either by some preventive proceedings against misdirection during the union, or by steps of some sort taken at or after the separation.

The law of 1861 does not, any more than the ordinary laws, contemplate the raising of any unnecessary taxes. It is contrary to all our system to levy taxes for the purpose of accumulating funds for the future. The statute of 1861 plainly contemplates that money shall be raised only for current expenditure, and that it

shall be expended by the town under whose authority it is raised. It makes no provision for any fund passing intact by inheritance to the new township.

Moreover the whole policy of the State has been to keep the financial arrangements on division of municipalities out of the courts, and to leave them to disposal by the administrative authorities on business and equitable principles resting largely in sound discretion. From the nature of the case town business must be done without technicality and with reference to the general usages and understanding concerning the bearing of the action which is taken. It is quite easy to see that money may be used for the benefit of part of a township for schools, ways and bridges, where it is not laid out technically within that region. The words of the statute must have a reasonable and not necessarily a literal interpretation. We are not satisfied that money thus expended without any abuse or fraud of discretion would not come within the terms of the statute. It could not have been intended to require the unorganized territory to escape burdens which were necessary for its welfare merely because the whole expenditure was not made inside of its bounds.

But, however this may be, it is not the town but the taxpayers who will be damaged by having taxes drawn from them which they ought not to pay, and while it might be quite desirable to have the town authorized to act as their representative, that office cannot be assumed without authority. Whether money is levied rightly or wrongly, under the statute, it is quite clear that if now put into the treasury of Roscommon it would still require legislation to provide for its proper disposition not only in that town but in the other towns set off from it.

The statute of 1861,—whether it be regarded as laying down a principle or as establishing a binding appropriation, cannot be carried into effect without further legislation which will provide for some ascertainment by the

township or other authorities, of the shares belonging to the funds entitled to contribution, as well as a remedy to secure it. It is probable the proviso was added to the bill without much thought as to its effect. It is too imperfect to be carried out as it stands, under present legislation.

Judgment must be affirmed with costs.

The other Justices concurred.