97 627
111 250

THE PEOPLE'S MUTUAL BENEFIT SOCIETY OF ELKHART, INDIANA, v. ROBERT E. FRAZER, CIRCUIT JUDGE OF WAYNE COUNTY.

*Declaration—Affidavit of service—Mandamus.*

*Mandamus* will lie to set aside a default judgment, where the affidavit of service of the declaration by which the suit was commenced fails to show *how* the service was made; citing How. Stat. § 7293.[1]

*Mandamus.* Argued November 14, 1893. Granted November 15, 1893.

Relator was sued in the circuit court for Wayne county upon one of its policies. The affidavit of service of the declaration by which the suit was commenced stated that "due service" of a copy of the declaration was made on the agent of the relator at Bay City, Michigan, naming him, on April 21, 1893, and that another copy of the declaration, with notice of rule to plead indorsed thereon, was served upon J. J. Crowley, another acting agent of the relator, at Detroit, Michigan, on the 8th day of May, 1893. The default of the relator for want of an appearance and plea was entered, and made absolute, and a judgment rendered, which relator moved to set aside, as also its default, on the ground that no legal proof of the service of the declaration had been made. The motion was denied, and relator applied for a *mandamus* to compel the respondent to grant the motion.

---

[1] How. Stat. § 7293, provides that "when a copy of a declaration and notice of rule to plead, or a subpœna in chancery, or any other writ or paper issued by a circuit court, shall be delivered to any sheriff, under-sheriff, or deputy to serve, it shall be the duty of such officer to serve the same with all convenient speed, and to return the same, with his certificate indorsed thereon of the time and manner of such service," etc.

*A. G. Pitts* and *O. M. Leonard,* for relator, contended:

1. How. Stat. § 7293, requires the certificate of service of a declaration to state the time and manner of such service, and an officer cannot decide and report that "due service" or "legal service" has been had; citing *Perry v. Dover,* 12 Pick. 206; *Hodges v. Hodges,* 6 Iowa, 78; *Farris v. Powell,* 10 Id. 553; *Read v. French,* 28 N. Y. 285.

*William Look (A. C. Blodget,* of counsel), for respondent, contended:

1. This is really a motion to set aside a default on various grounds, and before the relator can be heard it must tender or pay the costs of the default, and plead issuably; citing Circuit Court Rule No. 22; *Walsh v. Circuit Judge,* 76 Mich. 470.

2. The question of the validity of the service was one of fact for the trial judge, and his finding that the service was good will not be set aside, provided there was any testimony upon which to base said finding; citing *Vorheis v. Mutual Benefit Society,* 86 Mich. 32; *Reyer v. Association,* 157 Mass. 367; How. Stat. §§ 4362, 8137, 8145.

PER CURIAM. A writ of *mandamus* is granted, on the ground that the affidavit of service of the declaration does not show *how* such service was made. How. Stat. § 7293.

———◆———

JOHN ROSKOPP v. ARTHUR L. CANFIELD, CIRCUIT JUDGE OF MACOMB COUNTY.

*Attachment—Dissolution—Appeal—Notice of trial.*

Notice of trial of an appeal from an order dissolving a circuit court writ of attachment is properly served upon the attorneys of record for the plaintiff in the attachment suit, who appeared and defended for the appellant in the dissolution proceeding, and one of whom made the affidavit for appeal, in which he stated that he was one of the attorneys for the appellant in said proceeding, and made the affidavit for and in his behalf.