THE PEOPLE ex rel. W. E. Stevenson, County Collector, Appellee, vs. THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Appellant.

*Opinion filed December 17, 1913.*

1. TAXES—*one objecting to tax has the burden of showing its invalidity.*  The presumption is that a tax is just and that the taxing authorities have properly discharged their duties, and hence one who objects to the collection of a tax has the burden of showing its invalidity by clear proof.

2. SAME—*county board has a reasonable discretion as to what amount of taxes shall be raised.*  While it is against the policy of the law to levy taxes for the purpose of accumulating a large fund for the remote future or for contingencies that may never occur, still the county board must use sound business judgment so that the county's credit will not be impaired, and has a reasonable discretion to determine what amount of taxes shall be raised for the current expenses of the county.

3. SAME—*county not obliged to resort to sale of anticipation warrants.*  The law does not contemplate that the county board shall limit the amount of taxes to be raised to such sum, only, as is needed for the payment of the county expenses up to September 1, and that money needed to pay current expenses from September 1 to the time the taxes are paid in shall be raised by the sale of anticipation warrants.

4. SAME—*what does not show that county tax is invalid.*  The mere fact that the report of the finance committee of the county board, based upon the county treasurer's accounts of receipts and expenditures for the fiscal year, shows a balance of more than $56,000 in the county treasury on September 1, does not show that the county board's levy of taxes in the amount of $51,000 to meet the expenses of the county for the ensuing year is unnecessary and invalid, as it cannot be presumed that the balance in the treasury is available for general county expenses.

APPEAL from the County Court of Warren county; the Hon. L. E. MURPHY, Judge, presiding.

ROBERT DUNLAP, LEE F. ENGLISH, and SAFFORD & GRAHAM, for appellant.

J. N. THOMAS, State's Attorney, (HANLEY & COX, of counsel,) for appellee.

261 – 3

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal by the Atchison, Topeka and Santa Fe Railway Company from a judgment rendered against it in the county court of Warren county for delinquent county taxes for the year 1912.

Appellant insists that the entire county tax was void. In support of this contention it introduced in evidence the report of the finance committee of the county board of that county to said board, which reads, in part, as follows: "The following is a true and complete statement of the receipts and expenditures of the fiscal year from September 1, 1911, to September 1, 1912, as shown by the accounts of the county treasurer in account with Warren county, as of record in the office of the county clerk: 1911—December, to balance, last report, September, $61,974.95." Then follows an itemized statement of the receipts and expenditures for the year in question, closing with a recapitulation showing a balance in the treasury of $56,846.65, and concluding: "Of the county warrants and birth and death certificates issued to September 1, 1912, there remains not reported to the county clerk as paid and canceled and still floating, the amount of $61.76." This report was accepted by the county board and ordered recorded. It was also shown by the evidence that the county board adopted a report of the finance committee stating that the county expenses for the ensuing year would aggregate $51,000, and directed the county clerk to extend the county tax in accordance with said report.

Section 26 of chapter 34 of the Revised Statutes provides, among other things, that the county board, at its September meeting, shall make out a "full and accurate statement of the receipts and expenditures of the preceding year, * * * together with an accurate statement of the finances of the county at the end of the fiscal year, including all debts and liabilities of every description, and the assets and other means to discharge the same," etc. (Hurd's

Stat. 1911, p. 627.)   It is insisted that the report of re-
ceipts and expenditures mentioned above was made by the
county board in compliance with this provision of the stat-
ute, and that it shows that the county had on hand more
than $56,000 above all indebtedness, and that therefore
there was no necessity for collecting any taxes for county
expenses for the ensuing year; as all the $51,000 estimated
for such county expenses could be paid from the amount
already on hand and still leave a balance of over $5000 in
the treasury.   We are not prepared to hold, from anything
in the record, that the balance shown to be on hand could
be used for paying general county expenses.   The statutes
provide that various sums shall be paid into the county
treasury which cannot be used for the county expenses,
such as unclaimed money in partition suits, (Hurd's Stat.
1911, p. 1731,) compensation under the Eminent Domain
statute, (Ibid. p. 1102,) and unclaimed balances in the
hands of public administrators.   (Ibid. p. 18.)   There was
no showing that this $61,974.95 balance from the last
yearly report was not, in part, made up from some of those
sources.   It has long been the rule of this court that "any
one objecting to the enforcement of a tax assumes the bur-
dèn of showing its invalidity.   The presumption is that the
tax is just,—that all officers who have had any official con-
nection with it have properly discharged their duties in re-
spect to it.   These presumptions can only be overcome by
clear and explicit testimony."   (*Peoria, Decatur and Evans-
ville Railway Co.* v. *People,* 116 Ill. 401; *People* v. *Hulin,*
237 id. 122, and cases cited; 2 Cooley on Taxation,—
3d ed.—891.)   Even if we concede, for the sake of the ar-
gument, that the county board could not levy a tax for an
ensuing year if it had on hand money enough to pay the
county expenses of such year and available for that pur-
pose, the burden would rest upon appellant to show, by clear
and explicit testimony, that the balance in the treasury of
$56,846.65 could all be used for the expenses of the county.

There is another reason why, in our judgment, the county court properly overruled the objection in question. Even though the balance of $56,846.65 could all be used for county purposes, it does not follow that the law did not authorize the county board to levy and collect additional taxes for the county expenses for the ensuing year. It is well known that under the law the taxes levied for the expenses for any year are not collected so as to be available to be paid out for county expenses until several months after September 1. The argument of counsel for appellant is, that at the September meeting the county board should not have in its treasury anything more than enough money to pay the bills and indebtedness then due; that any money needed to pay current county expenses after September 1 until the taxes are paid in should be raised by the sale of anticipation warrants under the provisions of chapter 146*a*. (Hurd's Stat. 1911, p. 2371.) With this we cannot agree. We are in full accord with counsel's contention that taxes are levied because they are necessary to defray the expenses of the government and not for the purpose of enriching the public treasury; that the unnecessary accumulation of money in the public treasury is unjust to the people because it deprives them of the use of the money taken from them for a considerable period, and is impolitic, as it may tempt those having the custody of the funds to use them improperly. (1 Cooley on Taxation,—3d ed.—13.) Taxes should not be levied for the purpose of accumulating funds for the remote future or for contingencies which may never occur; (*Michigan Land and Iron Co.* v. *Township of L'Anse,* 63 Mich. 700; *Allen* v. *Peoria and Bureau Valley Railroad Co.* 44 Ill. 85;) but no court has ever held, in construing a statute such as ours, that levying taxes a short period in advance to provide for ordinary and necessary expenses was not fully justified. The revenue statutes must be given a reasonable construction. It was not intended by the legislature that the county authorities should

not have a reasonable discretion in arranging in advance for the collection of the necessary tax for the payment of the current expenses. We do not consider that the facts here show that a new levy of the amount needed for the ensuing year would be unreasonable. It is the duty of the county board to use sound business judgment so that the county's credit will not be impaired. (*Ricketts* v. *Spraker,* 77 Ind. 371; *Florer* v. *McAffee,* 135 id. 540; see, also, *Keystone Lumber Co.* v. *Town of Bayfield,* 94 Wis. 491; *Roscommon* v. *Midland,* 39 Mich. 424.) The sale of anticipation warrants every year would tend to injure the credit of the county and cost the tax-payers more, in the end, than would result from collecting taxes for a portion of the county expense a few months in advance. In discussing the maxim that a revenue law ought to be so contrived as both to take out and to keep out of the pockets of the people as little as possible over and above what it brings into the public treasury, Judge Cooley lays down the rule that "the maxim would justify any State in having its treasury in condition at all times to meet all possible claims upon it, but it condemns exactions from the people in advance of any needs of the government." (1 Cooley on Taxation,—3d ed.—13.) It is against the policy of the law to raise taxes faster than they are likely to be needed, but our statutes have committed to the just and reasonable discretion of the county boards the question as to what is the proper amount of taxes to be raised for the current county expenses. The courts will only interfere to prevent a clear abuse of such discretionary powers. Such abuse is not shown by this record.

The judgment of the county court will be affirmed.

*Judgment affirmed.*