(No. 10980.)

THE MIDLAND LUMBER COMPANY *et al.* Appellees, *vs.* THE
CITY OF DALLAS CITY, Appellant.

*Opinion filed December 21, 1916.*

1. ORDINANCES—*ordinance setting apart a certain fund out of general resources for particular purpose is an appropriation ordinance.* Where a city receives a sum of money in consideration for damages to its streets, which sum is paid into the general resources, an ordinance setting a portion of this sum apart for a particular purpose is an appropriation ordinance and must be passed at the time required by statute.

2. SAME—*city cannot advance money for construction of sidewalks when cost is to be paid by special taxation or assessment.* It is not a corporate purpose for a city to advance money on contracts for the construction of sidewalks where the cost of constructing the same has been provided for by special taxation or special assessment either under the Sidewalk act of 1875 or the Local Improvement act, and an ordinance setting apart a fund for this purpose, to be reimbursed when the special tax or asessment is collected, is invalid. (*City of Chicago* v. *Brede,* 218 Ill. 528, followed.)

APPEAL from the Circuit Court of Hancock county; the
Hon. ROBERT J. GRIER, Judge, presiding.

SCOFIELD, HELFRICH & CALIFF, and JOHN W. WIL-
LIAMS, for appellant.

HARTZELL & CAVANAGH, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

The Midland Lumber Company and others, appellees, tax-payers of the city of Dallas City, filed their bill for injunction in the circuit court of Hancock county against the city of Dallas City, appellant, to restrain it from proceeding in any manner in carrying out or enforcing the provisions of ordinance No. 104 of said city. The bill alleged that the ordinance was an appropriation ordinance, and was invalid for the reason that it was not passed dur-

ing the first quarter of the fiscal year, and for the further reason that the city had no authority to incur, create or cause any liability against it in or about the building of sidewalks on the streets or alleys in the city, or to advance any money on contracts for the building of any such sidewalks where the cost thereof was to be paid by special tax or special assessment. No answer was filed by the defendant, but the cause was tried upon a stipulation entered into between the parties.

It was stipulated that on January 26, 1915, appellant received from the Mississippi River Power Company the sum of $4400 in settlement for damages sustained by overflow of the streets of the city; that the fiscal year for the city commences on the third Tuesday of April of each year; that on January 26, 1915, the city council of the appellant passed ordinance No. 104, "to set apart and establish a certain fund to be used in making advance payments on contracts for building sidewalks and to provide for reimbursing such fund out of the special taxes or assessments levied, assessed and collected for such improvement." A preamble recited the payment to appellant of the sum above mentioned by the Mississippi River Power Company, and the inability to make contracts for the building of sidewalks in the streets of the city at a reasonable cost to the owners unless appellant should be able to advance money on such contracts before the special taxes or special assessments for the cost of the improvement should be collected. The ordinance then provided:

"Sec. 1. That one thousand ($1000) dollars of the said money so received on said compromise, when paid to the treasurer of the said city, shall be set apart as and constitute a fund, until otherwise ordained or ordered, to be used for making payments on any such contract above mentioned before and until the special taxes or special assessments for such improvement shall have been collected, such payments to be made upon warrants drawn against such

fund in the usual manner and to be paid by the city treasurer out of said fund.

"Sec. 2. That whenever the special taxes or special assessments for such improvement shall be collected and paid to the city treasurer enough thereof shall be placed to the credit of the said fund to reimburse such fund for the moneys so advanced for such improvement, and if there be not enough for that purpose, further proceedings for further special taxation or special assessments may be had and taken according to law until the whole of that part of such improvement so to be paid shall have been raised and paid into the city treasury and the said fund fully reimbursed for moneys so advanced for such improvement.

"Sec. 3. If only part of the cost of such improvement shall have been advanced as herein contemplated, then the said fund shall be reimbursed as aforesaid to that extent only, and the balance remaining of the amount raised and collected by special taxation or special assessment for such improvement shall be applied as far as required to pay the balance unpaid for and on account of such improvement."

The stipulation then recites the setting apart of the fund provided by said ordinance, and provides that a decree may be entered upon the stipulation of facts to the same extent as if the issues had been joined and proof made to the same purport and effect as stipulated. The court held the ordinance to be invalid, and that appellant has no power or authority, under the law, to act in the manner provided by said ordinance. A decree was entered in accordance with the prayer of the bill, perpetually enjoining appellant from proceeding under said ordinance. The court certified that the validity of a municipal ordinance was involved, and an appeal was prayed and perfected to this court.

Two questions are presented for consideration: (1) Whether the ordinance in question is an appropriation ordinance, and therefore invalid because not passed within the first quarter of the fiscal year; and (2) whether appellant

has any power or authority to appropriate money for the uses and purposes specified in the ordinance.

It is not contended on the part of appellant that the ordinance is a valid one if found to be an appropriation ordinance, as it is conceded that it was not passed during the first quarter of the fiscal year, as required by statute. The only contention made in this respect is, that it is not an appropriation ordinance but is an ordinance providing merely for the transfer of money from one fund to another.

That the ordinance in question is an appropriation ordinance we think is too clear to admit of doubt. By its terms it expressly sets apart and establishes a certain fund for a particular purpose out of the general resources of appellant. When the sum of $4400 was paid to appellant by the Mississippi River Power Company it did not pass into or become a part of any particular fund. The only way in which appellant could make use of this money was by the passage of an appropriation ordinance, which the statute requires to be done during the first quarter of the fiscal year. This it attempted to do by the ordinance in question, which is clearly an attempt to appropriate $1000 of this fund for a specific purpose. The ordinance being an appropriation ordinance and not passed at the time required by the statute, is invalid.

A city is authorized to appropriate money only for corporate purposes and to provide for the payment of its debts and expenses. It is not a corporate purpose for the city to pay for the construction of sidewalks when the cost of constructing the same has been provided for by special taxation or special assessment either under the Sidewalk act of 1875 or the Local Improvement act. The city in nowise becomes indebted for the construction of such an improvement when the cost of the same is to be paid by special taxation or special assessment. That it does not have the power to advance money for the construction of such a

local improvement and reimburse itself from the moneys procured by special taxation or special assessment as the same is paid is conclusively settled in *City of Chicago* v. *Brede,* 218 Ill. 528. While in that case it was sought to enjoin the city of Chicago from expending its funds for the purchase of improvement bonds issued upon special assessments made under the Local Improvement act, what was there said applies equally to the right of a city to advance money on an improvement by special taxation under the Sidewalk act of 1875. We there said: "If the special assessment had been levied and paid by a portion of the property owners, and the city were permitted to purchase outstanding improvement bonds and afterwards a portion of those bonds should not be paid, some method would have to be devised which would equalize the payments so that the tax would be just and uniform, otherwise one property owner would have to pay his full share of the assessment as levied against him while another might be required to pay only a part or escape entirely." That language applies with equal force to the right of the city to advance money to pay for constructing a sidewalk by special taxation under the Sidewalk act of 1875. It is true that in the *Brede case, supra,* attention was called to sections 73 and 90 of the Local Improvement act, but from a reading of the whole of the opinion in that case it is apparent that those sections of the statute simply stated and declared that which was already the law without regard to those sections.

The ordinance was not passed at the proper time and the appropriation sought to be made was not for a corporate purpose.

The decree of the circuit court is affirmed.

*Decree affirmed.*