# National Protective Legion, Appellee, v. Village of Brookfield, Appellant.

## Gen. No. 28,439.

1. MUNICIPAL AND PUBLIC BONDS—*collection of assessments prerequisite to recovery on local improvement bonds.* The holder of overdue special assessment bonds issued by a village cannot recover the value thereof without proof of the collection of the special assessments in anticipation of which the bonds were issued even though the bonds in question were not in the exact form provided by the Local Improvement Act.

2. MUNICIPAL AND PUBLIC BONDS—*general liability on local improvement bond not imposed on village by irregular attestation.* Bonds issued by a village in anticipation of special assessments to pay for local improvements do not become a general liability of the village by reason of their variance in form from the requirements of the Local Improvement Act and the provision of the attestation clause purporting to pledge the full faith and credit of the village to the prompt fulfillment of the promises contained in the bond regardless of collection of the assessments.

Appeal by defendant from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1922. Reversed and remanded. Opinion filed March 13, 1923.

ARTHUR A. HUEBSCH, for appellant; GEORGE E. BRANNON and LEE WALKER, of counsel.

CANNON & POAGE, for appellee.

MR. JUSTICE MORRILL delivered the opinion of the court.

This is an appeal from a judgment of the superior court of Cook county entered June 28, 1922, in favor of plaintiff for the sum of $3,014.07, being the amount of principal and interest found to be due from defendant upon four overdue special assessment bonds issued by the Village of Grossdale (now Brookfield), dated November 1, 1902. The case was heard by the court without a jury.

The bonds in question are for $500 each and are of like date, tenor and effect, except as to numbers and dates of maturity, and bear interest at the rate of four per cent per annum. They recite that they are issued to anticipate the collection of certain instalments of special assessment, "Towns No. 9, Circuit Court of Cook County, Illinois," levied for the cost of laying cast-iron water main pipes, fire hydrants, valves and appurtenances on and along certain streets, avenues and alleys in said village, together with all labor and

materials and cost of construction, and of levying, spreading and collecting said assessments; that they bear interest from August 28, 1902, and that both principal and interest are payable out of said instalments. The bonds were received in evidence. No other evidence was offered by plaintiff except a letter from the village clerk, which had no probative value whatever. No evidence was offered or received on the part of defendant. Plaintiff did not show or attempt to show the collection of the special assessment above mentioned. The bonds differ slightly from the form of special assessment bonds provided by the Local Improvement Act. They recite that principal and interest ''are payable out of said instalments'' instead of employing the words used in the statutory form ''payable solely out of said instalments when collected.'' A further variance is found in the attestation clause, which recites ''that the good faith and credit of the Village of Grossdale is pledged for the prompt fulfillment of the above promise.'' The fact that the bonds bear interest at four per cent instead of five per cent, as contemplated by the statute then in force, constituted a further variance, but by an amendment of the act, it was provided that such bonds should not be rendered invalid on that account. Cahill's Ill. St. ch. 24, ¶ 167.

The court held as propositions of law, in substance, that the introduction in evidence of past due special assessment bonds issued under the Local Improvement Act does not establish a prima facie case of general liability on the part of the municipality issuing such bonds, and that ''municipal officers cannot pledge the full faith and credit of a municipality by such a recital in an improvement bond,'' but refused to hold that in a suit upon such bonds the plaintiff must show the levy and collection of the special assessments against which the bonds were issued. The court also found specially that the bonds in question ''are not in

the exact form prescribed by the statute for improvement bonds, but that they were issued in anticipation of instalments of special assessments," but refused to hold that said bonds were issued in accordance with the Local Improvement Act.

From these rulings we infer that the judgment is based upon the theory that plaintiff was not under the necessity of proving the collection of the assessment in question and that the variances from the form described by the statute had the effect of making the bonds a general liability on the part of the village. Both of these positions are untenable.

The bonds by their terms were payable from the proceeds of the special assessment against which they were issued and the liability of the village is limited to the amount actually collected under the assessment. Proof that there had been such collection was essential to establish plaintiff's right to recovery. *Conway v. City of Chicago,* 237 Ill. 128; *Donahue v. Village of LaGrange,* 263 Ill. 615; *Wells v. Village of Wilmette,* 193 Ill. App. 30.

The language of the attestation clause which purports to pledge the full faith and credit of the village to the prompt fulfillment of the promises contained in the bonds was intended to be an additional assurance that the bonds would be paid from collections under the special assessment in question. If considered as an attempt to pledge the village to pay the bonds regardless of collections under the assessments, it is of no force and effect. The officers of the village had no power to make the village generally liable by such a recital. *Midland Lumber Co. v. Dallas City,* 276 Ill. 172; *City of Chicago v. Brede,* 218 Ill. 528; *Northern Trust Co. v. Village of Wilmette,* 220 Ill. 417. These limitations upon the power of the municipal officers have been uniformly sustained, even in cases where the municipality assumed a general liability for the payment of improvement bonds. *Midland Lumber*

*Co. v. Dallas City, supra; City of Chicago v. Brede, supra.*

For the reasons above indicated the judgment of the superior court is reversed and the case remanded.

*Reversed and remanded.*

BARNES, P. J., and GRIDLEY, J., concur.