(No. 18705.—Reversed and remanded.)
THE PEOPLE ex rel. W. A. Stockert, County Collector, Appellee, vs. H. C. HOWELL, Appellant.

*Opinion filed June 23, 1928.*

1. SPECIAL ASSESSMENTS—*what is sufficient compliance with a sidewalk ordinance as to notice.* While the only notice required by the Sidewalk act of 1875 is notice of the passage of the ordinance for a sidewalk, the ordinance may lawfully provide for additional notice, in which case it must affirmatively appear such notice was given; but an ordinance requiring notice of the passage of the ordinance, "and the substance thereof," is sufficiently complied with where the notice describes the improvement, states the requirement of the ordinance that the city will construct the improvement unless the property owner does so, and refers to the general sidewalk ordinance of the city for specifications.

2. SAME—*when sidewalk ordinance does not comply with the Sidewalk act of 1875.* Section 3 of the Sidewalk act of 1875 provides that the officer or board designated by the ordinance to take charge of the construction of the sidewalk shall make the bill of costs, the special tax list and the warrant; and where the ordinance provides that the village engineer shall superintend and approve the construction of the sidewalk but that the chairman of the street and alley committee shall prepare and sign the bill of costs, special tax list and warrant, the statute is not complied with, the defect is fatal to the proceedings, and the want of jurisdiction may be raised in the collector's proceeding for judgment and order of sale for the special tax.

3. SAME—*payment for sidewalk out of general fund does not preclude recovery of special tax by county collector.* If sidewalks are by ordinance directed to be paid for by special taxation the corporate authorities have no right to pay for the sidewalk in any other manner, but the payment of the contractor out of the general fund instead of by the issuance of an interest-bearing voucher does not prohibit the village from recovering the special tax for the sidewalk in the county ·collector's proceeding, as the issuance of vouchers is not mandatory under the Sidewalk act and is not a condition precedent to the application for judgment and order of sale for the tax.

APPEAL from the County Court of Tazewell county; the Hon. CHARLES SCHAEFER, Judge, presiding.

E. E. BLACK, and WILLIAM A. POTTS, for appellant.

LOUIS P. DUNKELBERG, State's Attorney, and HAROLD J. RUST, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is an appeal from a judgment of the county court of Tazewell county overruling objections to a special tax levied against a lot of appellant in the village of Green Valley for the construction of a concrete sidewalk and ordering the lot sold to recover the amount of said tax.

The sidewalk in question was constructed under special ordinance No. 31, and general sidewalk ordinance No. 30 passed by the village board at the same time, pursuant to the provisions of the Sidewalk act of April 15, 1875. (Smith's Stat. 1927, p. 435.) The principal objections urged are (1) a failure to comply with the statute and ordinances under which the sidewalk was built; (2) non-observance of the special ordinance in sending notice to appellant; (3) invalidity of the proceedings because the bill of costs, the tax list and the tax warrant were not made by the officer or in the manner required by the statute and the ordinances; (4) failure to issue an interest-bearing voucher, the village having paid the contractor from the general fund, thereby rendering the proceeding invalid; and (5) failure to establish grade for the laying of the sidewalk directly by the ordinance or indirectly by reference to any other ordinance. Many other objections are argued, but as some of them were not raised by objections in the trial court and others are not deemed necessary to a decision of the case we shall confine our attention to those set out.

Section 4 of ordinance No. 31 provides as follows with reference to notice: "The village clerk of said village shall mail a notice to the party who paid the last general taxes on the respective lot, lots or parcels of land touching upon

the line of said sidewalk, of the passage of this ordinance and the substance thereof." Notice was sent appellant informing him that an ordinance was passed June 11, 1926, providing for the construction of a sidewalk along the westerly side of Church street, from the north crosswalk on Main street northerly to the sidewalk now in place in front of Woodmen Hall; that the ordinance is based upon the Sidewalk act of 1875 and the amendments thereto; that the sidewalk ordinance is now on file with the city clerk; that appellant's lot "M" touches on the line of the proposed sidewalk; that it will be necessary for appellant to construct the sidewalk along said lot in accordance with the provisions of the ordinance within thirty days from the date of the mailing of the notice, otherwise the village will construct the sidewalk and collect the costs thereof from the owner thereof; and that the specifications of the sidewalk appear in the general sidewalk ordinance of Green Valley. Appellant claims this notice is insufficient because it fails to state that the walk will be constructed by special taxation proportioned according to frontage, the width, grade and location of the walk with reference to property line, and the materials to be used. The only notice required by the statute is notice of the passage of the ordinance. The ordinance may lawfully provide for additional notice, in which case it must affirmatively appear such notice was given. (*Hoover v. People,* 171 Ill. 182.) The ordinance in question required that appellant be notified not only of the passage of the ordinance but of the substance thereof. The question is, Did appellant receive notice of the substance of the ordinance? Obviously, the ordinance did not require the sending of a copy of the ordinance, as appellant in effect contends. The notice he received was a sufficient compliance with the ordinance and the court properly overruled the objection to it.

Section 3 of ordinance No. 31 provides that the village engineer shall superintend and approve the construction of

330—34

the sidewalk in question. Section 7 thereof provides that the bill of costs of the construction of the sidewalk and the supervision thereof shall be made by the chairman of the street and alley committee; that the chairman shall prepare a special tax list against each of the properties according to frontage where the owners do not construct their own sidewalk, and shall issue warrants, directed to the village collector, for the collection of the amount of the special tax so ascertained and appearing from the tax list to be due for each lot. The bill of costs, special tax list and warrant in this case were prepared and signed by the chairman of the street and alley committee.

Objection 3 above referred to challenged these proceedings as invalid. Section 2 of the Sidewalk act provides that "said ordinance  *  *  *  may provide that the materials and construction shall be under the supervision of and subject to the approval of some officer or board of officers of such city, town or village to be designated in said ordinance." Section 3 of the act provides that the officer or board designated by the ordinance to take charge of the construction of the sidewalk shall make the bill of costs, the special tax list and the warrant. If the ordinance had been drawn in accordance with the statute the same officer or board of officers designated to supervise the construction of the sidewalk would have been selected and named to make the bill of costs, special tax list and the warrant. The statute was not obeyed. These requirements are the basis of a proceeding of this character, and their omission is fatal. *People* v. *Patton,* 223 Ill. 379; *People* v. *Moore,* 261 id. 549.

The village employed a contractor, who built the walk in accordance with the specifications. The village did not issue a non-interest-bearing voucher in payment of these services but paid him in money out of the general fund. No voucher was issued at all. It is claimed these facts vitiate the proceeding for the collection of the special tax. Section 2 of the Sidewalk act also provides: "And it shall be

lawful for such city, town or village to issue non-interest-bearing vouchers in payment for such walks, payable solely out of the special tax herein provided for when the same is collected." This grants permission to the corporate authorities to issue vouchers so that construction of walks may be facilitated. This is not a mandatory provision requiring the issuance of vouchers. The issuance of a voucher is not a condition precedent to the application for the collection of the tax. The failure to issue the voucher did not affect the proceedings in any manner. It is true that if sidewalks are by ordinance directed to be paid for by special taxation the corporate authorities have no lawful right to pay for the sidewalk in any other manner. (*City of Chicago* v. *Thomasson,* 259 Ill. 322.) Appellant relies upon the case of *Midland Lumber Co.* v. *Dallas City,* 276 Ill. 172. That case does not sustain the contention of appellant. The holding of that case is that a tax-payer can enjoin a city from using the general funds to pay for sidewalks built by special taxation. It is, however, no reason for prohibiting the village from recovering in the special tax proceeding the amount due from appellant.

The complaint that no grade is established by the ordinance is without foundation. The ordinance incorporates the "plan and profile" of the engineer attached to it as a part of the ordinance. This plan or profile clearly shows the grade at which the sidewalk is to be laid. The court properly overruled this objection.

The judgment is reversed and the cause remanded to the county court, with directions to sustain appellant's objection challenging the bill of costs, the tax list and the tax warrant.

*Reversed and remanded, with directions.*