(No. 20658.

PHILETUS W. GATES *et al.* Appellants, *vs.* ROBERT M. SWEITZER, County Clerk, *et al.* Appellees.

*Opinion filed February 19, 1932.*

BRUNDAGE, LANDON & HOLT, (ROBERT N. HOLT, and FLOYD E. BRITTON, of counsel,) for appellants.

JOHN A. SWANSON, State's Attorney, GEORGE E. GORMAN, and KIRKLAND, FLEMING, GREEN & MARTIN, (JOSEPH B. FLEMING, HAYDEN N. BELL, and JOSEPH H. PLECK, of counsel,) for appellees.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Appellants filed a bill in the superior court of Cook county seeking to enjoin the county clerk from extending various items of taxes levied by the South Park Commis-

sioners by their tax levy of 1929, amounting to $360,639. General and special demurrers were filed to the bill, which were sustained and the bill dismissed for want of equity. Appellants bring the cause here for review.

The bill avers that appellants are tax-payers and owners of real estate situated in the South Park District. They aver by their bill that the South Park Commissioners in their 1929 levy provided for the payment of principal and interest on the various issues of bonds of the district maturing during the next year as well as taxes for other corporate purposes, and that in addition to this levy they included eleven sections in the levy ordinance, setting out that in addition to the sums levied there was by each of those sections levied a tax of a certain amount of money therein specified, to pay, in part, the interest and installments of principal theretofore due on bonds issued under and in pursuance of the act (giving its title) under which the specific bonds were issued. These sections of the ordinance each contain the following: "The amount of the tax hereby levied being the amount of the difference between (a) the amount levied by the South Park Commissioners for the year 1927 to pay interest as it fell due on said bonds and that portion of the principal of said bonds required to be paid during the year next succeeding the year of said levy; and (b) the amount of taxes actually collected by the said South Park Commissioners pursuant to said levy for the year 1927." These sections of the levy ordinance varied only in the statement of the amount sought to be raised under it and the title of the act under which the bonds for which the levy was made were authorized. The bill charges that in each year following the respective dates of issuance of the bonds, including 1927, the commissioners made a tax levy, which included items for principal and interest on the bonds equal to or exceeding the amount necessary to pay the interest when it fell due and the portion of principal required during the next succeeding year to be paid,

and that in addition the county clerk, in estimating and determining the rate to be extended, included an item for loss and cost of collection of approximately eight per cent of the amount of the levy. The bill also charges that all the interest on the bonds described in the tax levy objected to here, and the installments of principal maturing during the year 1928 and years prior thereto, were paid at maturity; that there are no outstanding and unpaid bills against the commissioners for the years 1927 and 1928 or 1929, and that the tax sought to be extended and collected under these sections of the levy ordinance of 1929 cannot be applied to the payment of the bonds and interest theretofore due as alleged in the ordinance, since the bonds and interest were paid at maturity. It is further charged on information and belief that for each of the years during which any of the bonds and interest referred to in these eleven sections of the levy ordinance matured, there was levied and extended for general purposes the limit of taxes allowed under the law. It is also charged that the taxes sought to be levied under said eleven sections of the levy ordinance are for no legal purpose and are without authority or justification in law and are void. The bill prays a writ of injunction against the extension of this tax.

The demurrer filed by appellees was general and special. As special ground for demurrer it is set out that the bill does not charge that the county clerk extended a rate sufficient to produce, or which in fact did produce in full, the tax levied by the commissioners in the year 1927 to pay the interest and the principal falling due during the year next succeeding the levy; that it does not charge that the sum of $360,639, being the total of the levy provided in the eleven sections of the levy ordinance, was greater than the deficiency or difference between the amount levied in 1927 for bond and interest purposes and the amount actually collected pursuant to that levy; that there is no charge in the bill that all or any part of the tax levied as in said

eleven sections of the levy ordinance has ever been collected, nor is there a charge in the bill that the bond interest and principal payments referred to in those sections of the levy ordinance have been paid out of taxes collected for that purpose, or that the commissioners had otherwise than by the levy of the tax in question provided for the collection of a tax sufficient to pay the interest and principal as due for the year next succeeding the 1927 levy. Counsel for appellants say here that the bill charges and the demurrer admits that the original bond ordinances authorizing the bonds were properly certified and that each year an extension of taxes was made for the purpose of paying interest and accruing principal; that each year the clerk, in extending this tax, included an item for loss and cost of collection which in 1927 amounted to about eight per cent of the levy for bonds and interest; that all bonds and interest described in the levy in controversy maturing in 1928 were paid at maturity; that there were no outstanding unpaid bills against the park commissioners and that a levy for corporate purposes to the extent of the law was made in 1927, and therefore, they say, a good case is made by the bill.

It is argued, first, that the commissioners have no power to levy a second tax to pay bond interest and principal already paid; that the purpose expressed in the levy is false, and that the taxes extended could not be applied to the purpose for which they are ostensibly levied but could be applied only to current general corporate expenditures in excess of the limit allowed by law. Counsel say that their case is bottomed on the principal contention that the statement of the purpose of the levy to pay interest heretofore due and principal heretofore required to be paid is obviously false, for the reason that, as alleged in the bill and admitted by the demurrer, those items were paid when due, and this being so, they were presumably paid out of funds applicable thereto. It is argued that this presumption arises

out of the fact that the commissioners could not pay said items out of other funds without violating their duties, and that therefore the levy ordinance shows that these levies are, in fact, for an alleged amount of uncollected taxes, including tax forfeitures, judgments refused, and taxes in process of collection which the commissioners have no authority to levy. It may be observed, regarding this contention, that the bill does not allege that these taxes have been paid out of funds applicable thereto or that the levy is being made for the purpose of re-levying tax forfeitures, judgments refused or taxes in process of collection. Counsel argue, however, that such must be the conclusion from the allegations of the bill considered in connection with the statement of purpose of the levy, for the reason that the court has a right to presume that the officers did their duty, and therefore paid the interest and bond installments due, out of taxes collected for that purpose. Such presumption, however, can arise only in case the commissioners have no authority to use, temporarily, other idle funds in their hands for the purpose of paying the interest and bond installments due. The purpose clearly set out in the levy ordinance is to levy the amount necessary to complete the payment of interest and installments of principal due, the levy for which was made in the levy ordinance of 1927 but which were not collected. The amount here sought to be levied is the difference between the amount levied for these items for the year 1927 and the amount actually collected pursuant to that levy. These levy ordinances clearly show a deficiency in the collection of taxes levied by the 1927 ordinance for bond purposes and that the purpose of the ordinance is to levy a tax to meet that deficiency. First, then, to determine whether such presumption as counsel here argue may be indulged, it is necessary to consider whether, in the interest of good business and the protection of the credit of the municipality, the commissioners may temporarily use other idle funds in their hands to meet bond demands. If such

can legally be done, the presumption for which counsel for appellants earnestly argue does not exist.

Municipal officers have no right to divert moneys from one fund to another and different fund for which it was not appropriated. But the word "divert" is used in the sense of turning such fund permanently from its purpose or the final appropriation of it to some other use. If, as counsel for appellees argue, the commissioners had a right to, and did, temporarily borrow sufficient idle bond funds or other funds for the benefit of a fund having a stated and sufficient income to re-pay the sum borrowed, as the bond fund had, and with the intention that it shall be so re-paid, such is not a diversion of funds, for the fund from which the money is taken holds the credit against bond interest and principal fund and is not depleted. Section 12 of article 9 of the constitution provides that any municipal corporation incurring bonded indebtedness, "shall before, or at the time of doing so, provide for the collection of a direct annual tax sufficient to pay the interest on such debt as it falls due, and also to pay and discharge the principal thereof within twenty years from the time of contracting the same." It will be observed that this provision of the constitution contemplates not only the levy of taxes sufficient to meet the interest and principal payment on bonds but likewise requires the collection of taxes in such amounts. This provision of the constitution is mandatory and self-executing. No supplemental legislation is necessary to make it effective. (*People* v. *New York, Chicago and St. Louis Railroad Co.* 323 Ill. 493; *People* v. *Louisville and Nashville Railroad Co.* 300 id. 312; *People* v. *Scott,* id. 290; *People* v. *Sandberg Co.* 282 id. 245; *People* v. *Day,* 277 id. 543.) Liabilities against municipalities accruing during the year for which the levy is made, frequently must, in order to preserve the credit of the municipality, be paid prior to the collection of the tax, and it is the duty of the officers in charge of the levy and collection of taxes to use

sound business judgment that the credit of the municipality be not impaired. (*People* v. *Atchison, Topeka and Santa Fe Railway Co.* 261 Ill. 33.) In *People* v. *New York, Chicago and St. Louis Railroad Co. supra,* a high school district levied a tax for the payment of interest on bonds, which interest had theretofore been paid with funds borrowed by the school board out of the general school fund in its hands. This court sustained that tax on the ground that the constitutional requirement for the collection of a tax sufficient to pay interest when due and to discharge the principal within twenty years continues while the debt exists, and under that duty school authorities had a right to levy a tax as interest, which tax, when collected, was to be used to re-pay advancements made from the general school fund. In *People* v. *Howell,* 330 Ill. 527, a special sidewalk tax was assailed on the ground that the cost of the sidewalk had, in fact, been paid out of the general funds of the city. It was held, however, that such fact presented no reason for prohibiting the village from collecting the special tax due. In *Mathews* v. *City of Chicago,* 342 Ill. 120, one of the grounds urged against the validity of the act of the legislature there under consideration was that it created an independent "cash working fund," from which sums might be withdrawn temporarily to avoid issuance of tax anticipation warrants. That act was, however, sustained against the objections there urged, and it was pointed out that it is a matter of common knowledge that many municipal obligations must be met before the collection of the tax money to meet them and the officials must use sound business discretion in preserving the credit of the municipality. If it be lawful in this case to use other idle funds, such as idle bond funds, to pay this interest and principal when due, with seasonable re-payment of the amount so used, as we hold it to be, it follows that no presumption necessarily exists that the interest and principal on bonds accruing during the year 1928 were paid out of taxes collected for that

purpose. This being so, and the bill making no charge that they were so paid, it is demurrable on that ground.

But it is said that the levy ordinance shows that it is a re-levy of items of loss and cost, because, appellants say, the purpose as stated is to levy and collect the amount of taxes not collected under the 1927 levy. This, counsel urge, the commissioners have no right to do. Counsel cite in support of this argument, *People* v. *Chicago and Northwestern Railway Co.* 322 Ill. 150. In that case one objection was that too high a percentage for loss and cost was extended, the same being seven and forty-one hundredths per cent. It was there held that while no hard and fast rule could be laid down, whatever is shown to be necessary may be levied to cover all proper items for loss and cost of collection. In that case numerous items were included in making up the levy for loss and cost which were not properly of such character, such as delinquent personal property tax, which, as the evidence showed, no attempt had been made to collect, and it was held that such items could not be considered as taxes lost. That case, however, does not reach the question involved here, which is whether this sum of $360,639 represents not the eight per cent extended for loss and cost of collection but the deficiency in the collection of the amount necessary to pay the bond interest and principal due which had been levied. It is not alleged in the bill that the tax is to cover uncollected taxes, including forfeitures, judgments refused and taxes in course of collection, or that the levy was for additional tax for loss and cost, and if counsel rely upon such as the fact it should be charged in the bill. Here the tax sought to be levied, as shown by the purpose stated in the ordinance, is to recover that portion of the sum necessary to pay the interest and principal on the bonds, which sum, though levied, had not at the time of the levy for 1929 been collected.

It has been generally held under constitutions requiring uniformity of taxation, that such provisions are not vio-

lated when, after the lapse of reasonable time and after reasonable efforts have been made to collect the first levy, an additional levy is made upon all the property in the district because of the failure of some of the tax-payers to pay their portions of the first levy. (*Wayne County Savings Bank* v. *Supervisor*, 97 Mich. 630, 56 N. W. 944; *State* v. *Common Council*, 15 Wis. 30; *State* v. *Holt County*, 135 Mo. 533, 37 S. W. 521; *Francis* v. *Atchison, Topeka and Santa Fe Railway Co.* 19 Kan. 303.) These holdings are based on constitutional provisions similar to ours, requiring the levy and collection of the amount of money necessary to meet interest and principal bond payments. While, of course, the tax officials are required to use diligence to bring about the collection of the tax, and, as held in *People* v. *Chicago and Northwestern Railroad Co. supra,* they will not be allowed to supply such want of diligence by a further levy of taxes, there is in this bill no charge of want of diligence in attempts to recover the full levy for interest on and due installments of bonds. It is also generally held that such constitutional requirement is not satisfied merely by the levy of a rate sufficient to pay the debt if the taxes be collected, but it requires that there be a sufficient levy and collection of taxes to actually pay and discharge the debt. (*East St. Louis* v. *Amy*, 120 U. S. 600, 30 L. ed. 798; *Norris* v. *Montezuma Valley Irrigation District*, 248 Fed. 369, C. C. A. 8th Circuit, 1918; *Boynton* v. *District Township of Newton*, 34 Iowa, 510.) Such are the requirements of our constitution. (*People* v. *Scott, supra; People* v. *Louisville and Nashville Railroad Co. supra.*) Therefore, in the absence of specific allegations in the bill charging that these payments of interest and principal on bonds were made out of funds collected for that purpose, the bill is demurrable.

It is a familiar rule that courts of equity, in the absence of a showing of abuse of the discretion vested in taxing authorities, will decline to interfere with the processes of

levy and collection of taxes which are committed to those authorities. (*People* v. *Hassler,* 262 Ill. 133.) Taxes are presumed to be just, and the burden rests upon the objector or one assailing the tax to show its invalidity. (*Kelly* v. *Jones,* 290 Ill. 375.) It is likewise a common rule well established in equity, that essential facts relied upon for relief by injunction must be stated with sufficient certainty to negative every reasonable inference arising upon the facts stated from which inference it might be said that the complainant is not entitled to the relief sought. Upon demurrer every allegation of the bill is taken most strongly against the pleader. *Gage* v. *Village of Wilmette,* 315 Ill. 328; *Lawrence* v. *Traner,* 136 id. 474.

Counsel argue that the evident purpose of the levy of this tax is to increase the money available for general corporate purposes, thereby, in effect, diverting the tax, when collected, from the purpose set forth in the tax levy. The reason assigned for this position is, that since the bond interest and installments are paid and the tax levied cannot be used for that purpose it must be intended for general corporate purposes. Again appellants face the fact that there is no such charge in the bill. Moreover, it may be observed that a claimed purpose to divert or misappropriate the fund, when collected, is not a sufficient ground on which to invoke the aid of equity to restrain the extension and collection of the tax, since after the tax is collected equity will at the suit of the tax-payer readily intervene to prevent a misappropriation of the fund. *People* v. *Hassler, supra; People* v. *Peoria and Eastern Railway Co.* 216 Ill. 221; *Lawrence* v. *Traner, supra.*

Counsel also say that since it is admitted by the demurrer that there are no outstanding unpaid bills for the year 1928 or prior years, the intention therefore must be to use the funds for general corporate purposes. As we have seen, there is no allegation in the bill of such intended use, and it does not follow that because no bills are left unpaid, the

fund from which the interest and principal on bonds must be paid does not owe to another idle fund of the district the amount of the deficiency in the collection of a sum necessary to pay such interest and principal. While it may well be argued that taxing authorities have no right by device or subterfuge to increase taxes for general corporate purposes over the limit fixed by law and a court of equity will intervene to prevent their so doing, yet to afford a basis for such relief there must be specific, clear charges of such facts in a bill filed for such purpose. This bill is not seeking such relief.

We are of the opinion that the bill does not show grounds for equitable relief, and the chancellor was right in dismissing the same. The decree of the superior court is therefore affirmed.

*Decree affirmed.*